UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANESHA PARKER,

    Applicant,

v.                                                           CASE NO. 8:24-cv-180-SDM-AEP

STATE OF FLORIDA,

    Respondent.

_____/

**ORDER**

    Parker applies under 28 U.S.C. § 2241 for the writ of habeas corpus but she is not in custody. Parker challenges an "extrajudicial adjudication as incapacitated person" issued by "District of Columbia's juvenile justice agency" and monitored by Florida's Department of Children and Families "with treatment for behavioral health/substance abuse by Directions for Living, where Parker's mother is employed" and with whom she apparently lives. Consequently, Parker fails to meet the "in custody" requirement for relief under Section 2241(c).

    Additionally, to the extent that Parker wants this federal court to review a state court's order, the "*Rooker-Feldman* doctrine" precludes a district court's directly reviewing a state court's ruling. *Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir. 1998), explains that a federal district court has no supervisory or appellate jurisdiction over a state court:

> It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 2d 362 (1923). Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir. 1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

A federal district court lacks jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Christophe v. Morris*, 198 F. App'x 818, 825 (11th Cir. 2006) (construing part of a complaint as a challenge to a state court adjudication and holding the claim barred under *Rooker-Feldman*).

The application for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk must enter a judgment against Parker and close this case.

ORDERED in Tampa, Florida, on January 30, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE